IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH ALLEN MCLAREN, | § | |
| TDCJ #1025000, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-4269 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Joseph Allen McLaren (TDCJ #1025000), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). McLaren has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge the administration of his state court sentence. He has also submitted a memorandum of law with his petition. McLaren appears *pro se* and he has neither paid the filing fee nor submitted a motion for leave to proceed *in forma pauperis*. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.    BACKGROUND

On October 16, 1997, McLaren was convicted upon his guilty plea in the 9th District Court of Montgomery County, Texas, in cause number 97-03-00496-CR, of

aggravated sexual assault of a child.  The trial court found McLaren guilty as charged and, thereafter, a jury sentenced him to serve fourteen years in prison.  An intermediate court of appeals affirmed the conviction.  *See McLaren v. State*, 996 S.W.2d 404 (Tex. App. — Beaumont 1999).  The Texas Court of Criminal Appeals refused McLaren's petition for discretionary review on November 17, 1999.  Subsequently, on May 15, 2000, the United States Supreme Court denied McLaren's petition for a writ of certiorari. *See McLaren v. Texas*, 529 U.S. 1109 (2000).

McLaren now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254.  He does not challenge his guilty plea or his underlying conviction.  Instead, he complains that prison officials have failed to calculate his sentence correctly.  In particular, McLaren notes that he was out of custody on bond, pending the resolution of his appeal, from November 13, 1997, through June 21, 2000.  McLaren insists that he is entitled to credit on his sentence for this time.  He does not assert this claim directly.  Instead, McLaren argues that he is entitled to relief under 28 U.S.C. § 2254 because he was denied due process on state habeas corpus review when the Texas Court of Criminal Appeals dismissed his state habeas corpus application for failure to comply with state procedural rules.

To the extent that McLaren indirectly challenges the calculation of his sentence here, his petition, which is dated November 30, 2007, appears barred by the governing one-year statute of limitations for federal habeas corpus review.  More importantly,

McLaren is not entitled to federal habeas corpus relief because his due process claims are without merit for reasons that follow.

## II.    ONE-YEAR STATUTE OF LIMITATIONS

At the outset, the Court notes that any claim by McLaren concerning the calculation of his sentence appears barred by the governing one-year statute of limitations.   According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

McLaren does not challenge his state court judgment of conviction.  Rather, his underlying claim indirectly concerns the failure of prison officials to award him time credit on his sentence for the years that he spent out on bond pending an appeal.  The statute of limitations for federal habeas corpus review on this claim began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) at "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence."

In this instance, McLaren was reportedly out of custody on an appeal bond from November 13, 1997, through June 21, 2000.  McLaren could have discovered the factual predicate for his claim upon his arrival to prison in 2000.  That date triggered the statute of limitations for federal habeas corpus review, which expired one year later sometime in

2001.  McLaren's federal habeas corpus petition, executed by him on November 30, 2007, is untimely, meaning that any challenge to the calculation of his sentence is barred from review unless an exception applies to toll the limitations period.

In some circumstances a federal habeas corpus petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which excludes from the limitations period the time during which a "properly filed" application for state habeas corpus or other collateral review is pending.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  It appears that McLaren filed a motion to amend the judgment, *nunc pro tunc*, which the trial court denied on November 21, 2006.  McLaren then attempted to obtain a writ of mandamus to force the trial court to amend the judgment, but this effort was denied on March 22, 2007.  *See In re McLaren*, No. 09-07-148-CV, 2007 WL846569 (Tex. App. — Beaumont, March 22, 2007, no pet.).  McLaren reports that he also filed a state habeas corpus application on July 4, 2007, which the Texas Court of Criminal Appeals dismissed for procedural reasons on September 12, 2007.  *See Ex parte McLaren*, No. 68,153-01 (Tex. Crim. App.).  Because these state proceedings were filed long after the federal limitations period had already expired, however, they have no tolling effect for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

A review of the pleadings reveals no other grounds for statutory tolling of the limitations period.  Likewise, the chronology outlined in the record reflects substantial

delay on the petitioner's part in pursuing federal habeas corpus relief and there is no other apparent basis for equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 407-08 (5th Cir. 2001)  Therefore, to the extent that McLaren attempts to challenge the calculation of his sentence here, the Court concludes that his claim is barred by the applicable one-year limitations period.  More importantly, the Court concludes that the federal habeas corpus petition must be dismissed for alternative reasons because the petitioner's claims are without merit.

## III.    THE PETITION IS WITHOUT MERIT

McLaren's claim for federal habeas corpus relief stems from his contention that the Texas Court of Criminal Appeals wrongfully refused to consider his state habeas corpus application.  McLaren filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, arguing that he was entitled to an amended judgment, *nunc pro tunc*, giving him credit on his sentence for the time he spent out on bond pending his appeal, from November 13, 1997, through June 21, 2000.   In that application, McLaren argued that he was entitled to credit during the time he was out of custody on an appeal bond, pursuant to Article 42.03 of the Texas Code of Criminal Procedure, because the conditions of his appeal bond resulted in his "house arrest." McLaren attaches a copy of his memorandum in support of that application, as well as a copy of the Ancillary Conditions of Bond, as exhibits in this case.  (Docket Entry No. 2, Exhibit).

According to McLaren, the Texas Court of Criminal Appeals rejected his state habeas corpus petition on September 12, 2007, because his application failed to comply with § 501.0081 of the Texas Government Code.  According to this statute, Texas inmates who dispute the amount of time they have served may be required to present their claims to a prison "dispute resolution" tribunal prior to filing an application for a writ of habeas corpus under Article 11.07.  *See* TEX. GOV'T CODE ANN. § 501.0081;  *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000) (per curiam).  McLaren maintains that, by dismissing his application pursuant to § 501.0081, the Texas Court of Criminal Appeals violated his right to due process by refusing to consider the merits of his claim. McLaren argues, therefore, that he is entitled to a federal writ of habeas corpus under 28 U.S.C. § 2254(d).

McLaren's claim, that the state habeas corpus court refused to address his application on the merits, fails as a matter of law because errors that allegedly arise during a state habeas corpus proceeding are not cognizable on federal habeas corpus review.   It is well established in this Circuit that "infirmities in state habeas corpus proceedings do not constitute grounds for relief in federal court."  *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.), *cert. denied*, 527 U.S. 1056 (1999); *see also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied sub nom. Nichols v. Johnson*, 518 U.S. 1022 (1996) (citations omitted).  Instead, a habeas corpus petitioner must demonstrate

"constitutional error at the trial or direct review" before a federal court may issue the writ. *Morris*, 186 F.3d at 585 n.6.

McLaren's underlying claim, which concerns his alleged entitlement to an amended judgment *nunc pro tunc*, or to an award of sentence credit for the time that McLaren was out of custody pending his appeal, further fails to establish any grounds for relief under the federal habeas corpus statutes. In his state habeas application, McLaren argued that he was entitled to time credit under Article 42.03 of the Texas Code of Criminal Procedure. This claim involves an issue of state law that is not actionable in federal habeas corpus review. In that regard, the trial court considered and rejected McLaren's claim. *See In re McLaren*, No. 09-07-148-CV, 2007 WL 846569 (Tex. App. — Beaumont, March 22, 2007, no pet.) (observing that McLaren was not entitled to credit under Article 42.03 of the Texas Code of Criminal Procedure, which governs credit for time served in jail, because he was not in jail during the time for which he seeks credit). McLaren fails to show that this decision was incorrect or that he is actually entitled to the credit that he seeks.

Even assuming there was an error, an alleged violation of state law does not merit federal habeas corpus relief. As the Supreme Court has held repeatedly, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). It is well established that it is not the function of a federal habeas corpus court "to review a state's interpretation of its own law." *Weeks v. Scott*, 55 F.3d 1059, 1063

(citing *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983), *cert. denied*, 466 U.S. 975 (1984)); *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) ("We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law.") (quoting *Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir. 1985)).  Thus, McLaren fails to show that his petition presents an actionable claim for federal habeas corpus review.

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief.  28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  Because the claims raised by the petitioner are clearly without merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason.  *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

## IV.   <u>CERTIFICATE OF APPEALABILITY</u>

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the

court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim. Accordingly, the petitioner is not entitled to a certificate of appealability under the governing standard found in § 2253.

9

**V.**     **CONCLUSION AND ORDER**

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.     The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

2.     A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED this 19th day of December, 2007.

_____

Kenneth M Hoyt
United States District Judge